DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GOZZO DEVELOPMENT, INC.,**
Appellant,

v.

**ANNE M. ESKER, CLAY LANE RENTAL LIMITED PARTNERSHIP,** a
Nevada Limited Partnership, **BRENT G. WOLMER, P.A., ROBERT M.
WEINBERGER, P.A., KENNETH J. SCHERER, P.A., DAVID B. NORRIS,
P.A., LAW OFFICE OF FRED C. COHEN, P.A.,** d/b/a **COHEN, NORRIS,
SCHERER, WEINBURGER & WOLMER, PROFESSIONAL ROOFING
CONTRACTORS, INC., TURQUOISE CONSULTING, INC., COASTAL
WINDOWS AND DOORS, INC., STONE IMAGE, INC.,** and **BULLDOG
FENCE, INC.,**
Appellees.

No. 4D15-276

[May 18, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No.
2005CA011607XXXXMB.

Michael Monteverde of Bressler Amery & Ross, Fort Lauderdale, for
appellant.

Thomas Regnier and Hinda Klein of Conroy, Simberg, Hollywood, for
appellee Coastal Windows & Doors, Inc.

Daniel P. Stiffler and Rosalind R. Milian of Law Office of Lorraine Lester,
Plantation, for appellee Stone Image, Inc.

PER CURIAM.

Appellant challenges the trial court's final summary judgment on its
complaint against appellees Coastal Windows and Doors, Inc., and Stone
Image, Inc., for indemnity and contribution to its liability for construction
defects. We agree with appellant that there remained issues of material
fact as to whether section 553.84, Florida Statutes (2005), precluded
appellant from seeking indemnification. The exception to liability in

section 553.84 requires a showing as to various facts, many of which were not addressed in the record.

Further, as appellant sought indemnity for violations of both statutory and non-statutory building standards, it was error to grant summary judgment on the indemnity claim under a provision that applies only to statutory liability. The statutory building code does not preclude liability for violating a contractual duty to adhere to local building standards. *See id.*

However, we affirm the trial court's summary judgment on the contribution claim, as appellant's right to contribution had not arisen by the effective date of the revised statute barring joint and several liability.

*Affirmed in part; reversed in part and remanded for further proceedings.*

WARNER, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2